UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:24-CR-00264-10** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **KIMONI MCMURRAY (10)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM ORDER**

On January 13, 2026, the United States of America ("the Government") filed a Notice of Intent to Introduce Evidence Pursuant to Federal Rules of Evidence 404(b) [Doc. No. 357]. Defendant, Kimoni McMurray ("Defendant"), opposes the Government's proposed admission of extrinsic evidence [Doc. No. 388]. After carefully considering the parties' arguments and applicable law, the Government's proffered evidence is **ADMITTED**.

**I.     Background**

Sometime in January 2024, the Drug Enforcement Administration ("DEA") began investigating Shedrick Green II ("Green").[1] The DEA's investigation revealed Cornelius Boston ("Boston") supplied methamphetamine to Green.[2] DEA agents sought and obtained Title III wiretaps, which intercepted communications between Boston and Defendant.[3] The interceptions allegedly revealed Defendant obtained "distribution-quantities of methamphetamine and marijuana from Boston."[4]

---

[1] [Doc. No. 357, p. 1].
[2] [Id.].
[3] [Id.].
[4] [Id.].

Page **1** of **7**

As such, the grand jury indicted Defendant, on March 19, 2025, "with Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846."[5] The Court also issued an arrest warrant for Defendant the same day.[6] On April 1, 2025, a Lincoln Parish Sheriff's Office Deputy ("the Deputy") claimed to see Defendant traveling in his car.[7] The Deputy pursued the car and "observed items being tossed" out of the vehicle.[8] After stopping and detaining Defendant, the Deputy returned to the area where he saw items being tossed out of the car. He found a clear plastic bag with what was suspected to be marijuana, a Crown Royal bag, and a revolver.[9] Defendant's car was then searched, revealing "marijuana, methamphetamine (in both powder and pill form), a digital scale, a gray Nokia cell phone, and a black TCL cell phone."[10]

The gun was found to be Defendant's based on a DNA test.[11] After obtaining search warrants for the cell phones, "agents located text messages (that occurred both during and after the charged conspiracy) indicative of drug trafficking."[12]

The Government seeks to introduce "the drugs, firearm, digital scale, the cell phones, and specific communications extracted from the black TCL cell phone" as evidence of Defendant's intent to distribute drugs.[13]

The parties briefed all relevant issues, and the matter is ripe.

---

[5] [Id. at p. 2].
[6] [Id.].
[7] [Id.].
[8] [Id.].
[9] [Id.].
[10] [Id.].
[11] [Id.].
[12] [Id. at p. 3].
[13] [Id.].

## II. Law and Analysis

### A. Standard of Review

"Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). Such evidence may, however, "be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* at 404(b)(2). Although such evidence usually involves acts that occur prior to the charged crime, acts occurring after the charged crime may also be admitted. *See United States v. Peterson*, 244 F.3d 385, 392 (5th Cir. 2001) ("Our prior decisions clearly allow for evidence of 'bad acts' subsequent to the subject matter of the trial for the purpose of demonstrating intent.") (citation omitted).

The Fifth Circuit uses "a two-step test" to regulate admissibility of extrinsic evidence under Rule 404(b). *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978). First, a court must determine whether "the extrinsic offense evidence is relevant to an issue other than the defendant's character." *Id.* Second, it must ensure the probative value of such evidence "is not substantially outweighed by its undue prejudice and meets the other requirements of Rule 403." *Id.*

### B. The Government's Proffered Evidence

#### 1. Relevance

Rule 401's general standard for relevance applies to *Beechum* step one. *United States v. Percel*, 553 F.3d 903, 911–12 (5th Cir. 2008). Thus, the proffered extrinsic evidence must have "a tendency to make" a fact "of consequence in determining" this

action "more or less probable than it would be without the evidence." FED. R. EVID. 401. "Relevance of extrinsic act evidence is a function of its similarity to the offense charged." *Beechum*, 582 F.2d at 911 (citation modified). "For the purposes of determining relevancy, 'a fact is similar to another only when the common characteristic is the significant one for the purpose of the inquiry at hand.'" *Id.* (citation omitted). "Where the issue addressed is the defendant's intent to commit the offense charged, the relevancy of the extrinsic offense derives from the defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic and charged offenses." *Id.*

The Government argues the proffered evidence—the drugs, the scale, and the cellphones—is relevant to showing Defendant's intent to possess and distribute methamphetamine as discussed in the wiretapped phone calls.[14] Defendant argues the proffered evidence is not relevant under *Beechum* because "the government seeks to use evidence that is vastly different from the conduct that is charged in the indictment."[15] Specifically, Defendant argues evidence of marijuana is an attempt to "constructively amend the indictment to create a case that was never presented to the grand jury"[16] and the "personal use quantities of methamphetamine" found during the traffic stop cannot prove Defendant intended to distribute the drug.[17]

---

[14] [Id. at pp. 4–5].
[15] [Doc. No. 388, p. 5].
[16] [Id. at p. 3].
[17] [Id. at p. 5].

Page **4** of **7**

Defendant is correct in that charges in a returned indictment "may not be broadened through amendment except by the grand jury itself."[18] But that is not what the Government is doing here. Rather, the marijuana, along with other seized items, seeks to prove Defendant intended to possess and distribute methamphetamine as charged. The burden is on Defendant to show why otherwise relevant evidence should be excluded. *See* FED. R. EVID. 402. But Defendant cites no cases, or other authorities, which suggests the Government's reliance on the above-described articles amounts to "constructively amend[ing] the indictment."[19]

The Government's proffered evidence is relevant under Rule 401. The presence of marijuana, methamphetamine, the scale, the gun, and the phones (along with the messages within them) make it more probable that Defendant had the intent to distribute methamphetamine. *Id.* at 401. Scales and baggies are items commonly associated with distribution of drugs. Thus, their presence during Defendant's arrest, not long after the alleged conspiracy to distribute drugs, can show Defendant had the intent to distribute methamphetamine as charged. This is bolstered by the text messages found in the black TCL phone, showing Defendant intended to distribute methamphetamine at the time he was apprehended. Viewing all this evidence, in totality, makes "a fact of consequence"—whether Defendant intended to distribute methamphetamine during the conspiracy period—more probable than without this evidence. *Id.* So, the Government's proffered evidence meets *Beechum*'s first step.

---

[18] [Id. at p. 3 (quoting *Stirone v. United States*, 361 U.S. 212, 215–16 (1960))].
[19] [Id.].

### 2.   Undue Prejudice

Under *Beechum*'s second step, relevant extrinsic evidence may still be excluded if the Court finds its "probative value is substantially outweighed by [its] prejudicial value." *United States v. LeBaron*, 156 F.3d 621, 625 (5th Cir. 1998). "Probative value must be determined with regard to the extent to which the defendant's unlawful intent is established by other evidence, stipulation, or inference." *Id.* (citation modified). "Probative value is augmented if there is slight direct evidence." *Id.* (citation modified). And in conspiracy cases, probative value is "highly probative" and "the mere entry of a not guilty plea sufficiently raises the issue of intent to justify the admissibility of extrinsic offense evidence." *Id.* (citation omitted).

Here, the Government's use of evidence collected during Defendant's traffic stop—suggesting Defendant intended to distribute methamphetamine—is probative of Defendant's similar intent to commit the charged crime of conspiracy to distribute methamphetamine. Defendant pleaded not guilty plea, making intent an issue in the Government's case and justifying "the admissibility of extrinsic offense evidence." *Id.* And as laid out by *Beechum*, the proffered extrinsic evidence must be "undu[ly] prejudice[ial]" to be excluded. 582 F.2d at 911. Defendant, in contrast, has not shown any specific prejudice he might face if the Court admits the proffered evidence.

Moreover, any potential prejudice Defendant may face can be mitigated by "by giving the jury a limiting instruction." *United States v. Miller*, 520 F.3d 504, 512 n.12 (5th Cir. 2008). Given all these conditions, the Government's proffered evidence also meets *Beechum* step two.

Accordingly, "the drugs, firearm, digital scale, the cell phones, and specific communications extracted from the black TCL cell phone" that the Government seeks to introduce to prove Defendant's intent to distribute methamphetamine meets both requirements of *Beechum* and, consequently, is admissible under Rule 404(b).[20]

### III.  Conclusion

For these reasons,

**IT IS ORDERED** that the drugs, the firearm, the digital scale, the cell phones, and the specific communications extracted from the black TCL cell phone that the Government seeks to introduce, at trial, to prove Defendant's intent to distribute methamphetamine is **ADMITTED**.

MONROE, LOUISIANA, this 3rd day of February 2026.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[20] [Doc. No. 357, p. 3].